Diane C McDowell, SBN 270690
LAW OFFICE OF DIANE C. McDOWELL
181 Rea Avenue, Suite 202 C
San Diego, CA 92020
619-758-5081
Fax: 1-619-839-3901
Email: bkhelp713@yahoo.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sally Gonzalez, <br><br> Plaintiff, <br><br> -against- <br><br> Marigold Financial, LLC, <br><br> Defendant. | Civil Action No.: 2:14-cv-02425 <br><br> Date: December 1, 2014 <br><br> Time: 1:30 PM <br><br> Courtroom: 840 <br><br> Los Angeles--Roybal |

## **Motion for Default Judgment with Supporting Papers**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
-----------------------------------------------------X

Sally Gonzalez,

                                Plaintiff,

-against-

Marigold Financial, LLC,

                                Defendant.
-----------------------------------------------------X

Civil Action No.: <u>2:14-cv-02425-DSF-PLA</u>

<u>**MOTION FOR ENTRY OF DEFAULT JUDGMENT**</u>

Date: December 1, 2014
Time: 1:30 P.M.
Courtroom: 840
Los Angeles -Roybal

## <u>MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>

Plaintiff Sally Gonzalez, respectfully moves this Court for an order of Default Judgment against Defendant Marigold Financial, LLC, in accordance with Fed. R. Civ. P. 55(b) in the aggregate amount of $4,360.00, based upon the affirmation of Plaintiff's counsel, Diane C. McDowell, and for the reasons set forth below.   Plaintiff does not request a hearing on damages.

This Court should enter the judgment against Defendant, and in favor of Plaintiff, for the following reasons:

//

1.  Defendant has not appeared in this action.

2.  The Complaint in this action sets out a valid claim for statutory damages under 15 U.S.C. §1692 *et seq.*

3.  Defendant is not an infant, nor an incompetent person, within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure.

4.  Defendant is not presently serving in the military service of the United States, as defined in the Soldier's and Sailor's Civil Relief Act of 1940 (50 U.S.C. §520).

5.  This Motion is based upon all pleadings and papers on file in this action and any other evidence that this Court may request.

Dated: October 20, 2014

By*: s/ Diane C. McDowell*
Diane C. McDowell, Esq.
Attorney for Plaintiff
Law Office of Diane C. McDowell
181 Rea Ave., Suite 202C
El Cajon, CA 92020
619-758-5081

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
-----------------------------------------------------X
Sally Gonzalez,

                                  Civil Action No.: <u>2:14-cv-02425-DSF-PLA</u>

                Plaintiff,

                                  <u>**AFFIRMATION IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT**</u>

-against-

                                  Date: December 1, 2014
                                  Time: 1:30 P.M.
                                  Courtroom: 840
                                  Los Angeles - Roybal

Marigold Financial, LLC,

                Defendant.
-----------------------------------------------------X

<u>**AFFIRMATION IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT**</u>

       Diane C. McDowell, hereby declares as follows:

1.     I am an Of Counsel attorney with the law firm of Fredrick Schulman & Associates, attorneys for Plaintiff Sally Gonzalez, and I am fully familiar with the facts and circumstances stated herein.

2.     This matter was commenced on  March 31, 2014 against  Defendant Marigold Financial, LLC and arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA")(Dock. 1).

3.     The FDCPA allows a court to award to a prevailing plaintiff statutory damage in an amount up to $1,000.00, plus actual damages and reasonable attorneys' fees and costs.

4.     On April 23, 2014, Defendant Marigold Financial, LLC, was served with a copy of the Complaint and Summons via its registered agent.

5.     As of this date, Defendant has not answered or otherwise moved with respect to the Complaint.  The time for the Defendant to answer or otherwise move with respect to the Complaint has not been extended.

6.     Defendant's failure to answer Plaintiff's Complaint constitutes acquiescence to the merits of the Complaint and that Plaintiff has prevailed herein.

7.     Defendant is not a minor, nor an incompetent person, nor in the military.

8.     For the foregoing reasons, Plaintiff respectfully requests an entry of default against Defendant Marigold Financial, LLC in the amount of $4,360.00, representing statutory damages in the amount of one thousand dollars ($1,000) pursuant to 15 U.S.C. §1692k(a)(2)(A); two thousand eight hundred and eight dollars ($2,808.00) in attorney's fees; four hundred dollars ($400.00) for court fees; one hundred and fifty dollars in service fees ($150); and two dollars ($2.00) in other costs.

//

## FACTUAL CIRCUMSTANCES

9.     For brevity, the Court is respectfully referred to the Complaint in this action.

## STATUTORY DAMAGES UNDER THE FDCPA

10.     Plaintiff has not pled a sum certain in her Complaint, and hence moves this Court for Judgment on its claims, costs and attorney's fees so that this Court may award Judgment.

11.     Plaintiff is entitled to statutory damages of up to $1,000.00 pursuant to 15 U.S.C. §1692k.  This statute in part states:

   i.  Amount of Damages

    (a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –

    (1) any actual damages sustained by such person as a result of such failure;

    (2)(A)   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00;

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

ii.     Factors considered by Court

(b) In determining the amount of liability in any action under

subsection (a) of this section, the court shall consider, among

other relevant factors –

(1)     in any individual action under subsection (a)(2)(A) of

this section, the frequency and persistence of noncompliance

by the debt collector, the nature of such noncompliance, and

the extent to which such noncompliance was intentional.

12.     In the instant matter, the Court should award Plaintiff statutory damages in

the amount of $1,000.00.  Defendant's conduct towards Plaintiff is abusive by

nature. In addition, Defendant has failed and refused to defend itself in this action,

and therefore all of the material allegations pled by Plaintiff in the Complaint are

now deemed admitted.  In light of Defendant's disregard of the limitations on its

actions as found in the FDCPA and its failure to ensure that its actions and

collection efforts were in compliance with the FDCPA, Plaintiff has been

damaged. When deemed admitted, Defendant's actions are in violation of the

FDCPA, as alleged in the Complaint, and are void of any excuse or defense.

Accordingly, the Court should award the Plaintiff statutory damages in the

maximum amount of $1,000.00 in compensation for Defendant's violation of the

FDCPA.

13.     Plaintiff is also entitled to the costs and disbursements incurred in this litigation. These include the $400.00 filing fee, plus other costs in the amount of $152.00. In addition, pursuant to 15 U.S.C. §1692(k)(a)(3), Plaintiff is also entitled to an award of reasonable attorney's fees. Plaintiff has attached an affidavit and billing statement in support of the fees and costs sought in this matter. The billing statement is annexed hereto as "Exhibit A". The billing statement reflects Fredrick Schulman & Associates' contemporaneous records and includes the time and effort required for each identified task.  The total for the attorney's fees is $2,808.00. Accordingly, Plaintiff moves this Court for a judgment on attorneys' fees and costs in the aggregate sum of $4,360.00.

14.     Based on the violation of the FDCPA, Plaintiff is entitled to statutory damages from the Defendant in the maximum sum of $1,000.00, plus attorneys' fees and costs in the amount of $3,360.00 amounting to the total sum of $4,360.00.

**WHEREFORE,** the Plaintiff prays that this Court grant the following relief:

       A.      An award against Defendant Marigold Financial, LLC for statutory damages in the amount of $1,000.00 based on the Causes of Action; plus

       B.      An award of reasonable attorneys' fees and costs in the amount of $3,360.00; and

//

//

C.      Any such other and further relief as the Court deems just and proper.

Dated:          October 20, 2014

                                        By: s/ Diane C. McDowell
                                            Diane C. McDowell, Esq.
                                            Attorney for Plaintiff
                                            Law Office of Diane C.
                                            McDowell
                                            181 Rea Ave., Suite 202C
                                            El Cajon, CA 92020
                                            619-758-5081

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
-----------------------------------------------------X
Sally Gonzalez,

                                     Civil Action No.: <u>2:14-cv-02425-DSF-PLA</u>

               Plaintiff,

                                       <u>**AFFIRMATION OF PLAINTIFF'S COUNSEL AS TO ATTORNEYS' FEES AND COSTS**</u>

-against-

                                       Date: August 18, 2014
                                       Time: 1:30 P.M.
                                       Courtroom: 840, Los Angeles - Roybal

Marigold Financial, LLC,

                             Defendant.
-----------------------------------------------------X

### <u>AFFIRMATION OF PLAINTIFF'S COUNSEL AS TO ATTORNEYS' FEES AND COSTS</u>

       Diane C. McDowell, hereby declares as follows:

       (1)     Fredrick Schulman & Associates is a law firm where I am employed as Of Counsel, attorneys for the Plaintiff Sally Gonzalez.  I am fully familiar with the facts and circumstances stated herein.

       (2)     I am an attorney licensed in the State of California, and I am admitted to practice before this Honorable Court.

(3)     I have experience in Fair Debt Collection Practices Act litigation, and Fredrick Schulman & Associates primarily concentrates its efforts in this area.

(4)     Plaintiff's counsel requests attorney's fees and costs in excess of the Schedule of Attorney's Fees set forth in Local Rule 55-3. Plaintiff's counsel requests that the attorney's fees and costs be fixed by the Court in an amount that the Court deems reasonable.

(5)     I have worked in the field of law since 1985 and my regular hourly rate for work related to FDCPA is $450.00, which is based on my skills, background, and knowledge.  I believe an hourly rate of $450.00 for my legal services in the area of FDCPA is reasonable.

(6)     Jake Bedor, Esq. is an attorney employed by Fredrick Schulman & Associates.

(7)     Mr. Bedor is an attorney licensed in the State of New York since 2009 and is also admitted to practice in the Eastern and Southern District Courts of New York.

(8)     Mr. Bedor's background is in handling matters brought under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

(9) Mr. Bedor has been employed as an attorney in the private sector since 2009.

//

(11) Mr. Bedor's hourly rate is $225.00 for work performed in the area of FDCPA, and is based on his experience, skills, background and knowledge.

(12) Ms. Katrina Wilson was a paralegal at Fredrick Schulman & Associates with over five years of experience working with attorneys in various areas of law. Her hourly rate is $115.00

(13) The rates sought by Fredrick Schulman & Associates are reasonable and commensurate with the prevailing rates for attorneys that practice federal law as evidenced by the United States Attorney's Office and the "Laffey Matrix."

(14) As the instant case was filed pursuant to a federal remedial statute, the FDCPA, rates charged by other attorneys practicing federal law may be compared to determine an appropriate rate. *Laffey v. Northwest Airlines*, Inc., 572 F. Supp.354, 371 (D.D.C. 1983).

(15) In *Laffey*, the court compared rates of attorneys litigating federal claims with fee-shifting provisions to reach a reasonable rate.

(16) Based on Laffey, the Civil Division for the United States Attorney's Office created the "Laffey Matrix," a chart reflecting how rates have changed over the years due to inflation.

(17) The rates sought by Fredrick Schulman & Associates correspond to the "Laffey Matrix" which is incorporated below.

| Experience | Years (Rate for June 1 - May 31, based on prior year's CPI-U) | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | 03-04 | 04-05 | 05-06 | 06-07 | 07-08 | 08-09 | 09-10 | 10-11 | 11-12 | 12-13 | 13-14 |
| 20+ years | 380 | 390 | 405 | 425 | 440 | 465 | 465 | 475 | 495 | 505 | 510 |
| 11-19 years | 335 | 345 | 360 | 375 | 390 | 410 | 410 | 420 | 435 | 445 | 450 |
| 8-10 years | 270 | 280 | 290 | 305 | 315 | 330 | 330 | 335 | 350 | 355 | 360 |
| 4-7 years | 220 | 225 | 235 | 245 | 255 | 270 | 270 | 275 | 285 | 290 | 295 |
| 1-3 years | 180 | 185 | 195 | 205 | 215 | 225 | 225 | 230 | 240 | 245 | 250 |
| Paralegals & Law Clerks | 105 | 110 | 115 | 120 | 125 | 130 | 130 | 135 | 140 | 145 | 145 |

(18)   Furthermore, Plaintiff presents the Consumer Law Fee Survey from 2010-2011 demonstrating that a California attorney with 26-30 years experience average billing rate is $525 and an attorney with 3-5 years experience has an average billing rate of $347 per hour, attached hereto as "Exhibit B."

(19)   Based on my review of the Plaintiff's file, as well as our records and reports, I have prepared a billing report that includes the description of each task, the person performing the task, and his/her hourly rate.

(20)   Plaintiff respectfully requests a total of 8.6 hours of attorney's time and 2.7 hours of paralegal time expended for a total of 11.3 hours resulting in $2,808.00 in fees.

(21)   On this case, the following costs were paid by this office: $400.00 filing fee and $152.00 for other costs.  The total costs and disbursements sought are $552.00.

(22)   Thus, the combined total of attorney's fees and costs in this case is $3,360.00.

In accordance with 28 U.S.C. §1746, the undersigned certifies under the penalties of perjury that the foregoing, upon information and belief, is true and correct.

Dated:        October 20, 2014

By*: s/ Diane C. McDowell*
Diane C. McDowell, Esq.
Attorney for Plaintiff
Law Office of Diane C. McDowell
181 Rea Ave., Suite 202C
El Cajon, CA 92020
619-758-5081